**RELYEA, Plaintiff-Appellee, v. NEAL, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 497.   Decided March 3, 1955.

William M. Dixon, Troy, for plaintiff-appellee.
Leo H. Faust, Troy, for defendant-appellant.

**OPINION**

By WISEMAN, J.:

This is an appeal on questions of law from a judgment rendered by the Common Pleas Court of Miami County on a verdict of a jury rendered in favor of the plaintiff in the amount of $515.00.

Plaintiff's action was for the recovery of commissions alleged to be due from the defendant under a verbal contract of employment whereby the plaintiff was employed to manage a dairy farm owned by the defendant. The terms of the contract were made an issue by the pleadings, the plaintiff claiming that in addition to a monthly salary, he was to receive 25% of the profits, and the defendant claiming that plaintiff was to receive a monthly salary and a bonus in addition, the amount to be left to the discretion of the defendant. The evidence on this issue was conflicting. The terms of the employment contract was a jury question.

We do not deem it necessary to recite in detail all the conflicting pieces of evidence on the question as to whether there was a profit from the farm, or the different accounting methods used by the plaintiff and the defendant and the two expert accountants called as witnesses. Whether or not there was a profit, and, if any, how much profit was made, and the proper method of accounting in arriving at the profit, was a jury question and was properly submitted to the jury under proper instructions. In our opinion the court properly overruled defendant's motion for directed verdict.

The defendant contends that the court erred in admiting evidence over the objection of the defendant. The wife of the plaintiff testified that she, the plaintiff, and counsel for the plaintiff, together computed the profit made on the farm from the monthly reports furnished the plaintiff, which were prepared by the defendant's bookkeeper. On direct examination the witness was asked whether there was not a specific amount "due" the plaintiff for the year 1948, and questions of a similar import were asked relative to the years 1947 and 1949. To these questions the witness answered "Yes, sir," "Yes," and "That's right." The questions were not objected to on the ground they were leading, but on the ground that the witness was not an expert, that the testimony was only an expression of an opinion, and that the questions called for legal conclusions. The first two grounds of objection are not valid. Taking the questions and answers together it may be said that they were in the nature of legal conclusions. It was for the jury to determine the amount "due," under proper instructions. Defendant claims that such evidence was prejudicial to his case. Later, counsel for plaintiff took the witness stand and gave similar testimony as to the computations made by them. He elaborated on the method of computation and gave definite figures as to income, expenses, and profit, for 1947, 1948 and 1949, and stated that the difference between 25% of the

profit and the amount received by the plaintiff was $898.46, which was the same amount testified to by the wife. The testimony of counsel for the plaintiff was given without objection. In view of the testimony given by counsel for the plaintiff, which was more intelligently presented, we cannot say that the questions put to and answers given by plaintiff's wife were prejudicially erroneous.

We have carefully examined the entire record with a view of determining whether the verdict was against the manifest weight of the evidence, and for other claimed errors. We are of the opinion that the case was as well and as fairly tried as the nature of the issues presented would permit. We do not find the verdict to be against the manifest weight of the evidence, nor contrary to law. The motion for new trial was properly overruled.

Finding no error in the record prejudicial to the rights of the appellant the judgment is affirmed.

MILLER, PJ, HORNBECK, J, concur.